**E-FILED**
Wednesday, 30 March, 2005  09:43:11 AM
Clerk, U.S. District Court, ILCD

STATE OF ILLINOIS )
County of Vermilion ) ss.
City of Danville )

COMMUNITY NEWSPAPER HOLDING INC., DBA THE COMMERCIAL-NEWS, a corporation, organized and existing under and pursuant to the laws of the State of Illinois, HEREBY CERTIFIES.

That it is the PUBLISHER of the COMMERCIAL-NEWS, and the COMMERCIAL-NEWS is a secular newspaper of general circulation in Vermilion County, Illinois, printed and published in the City of Danville, Vermilion County, Illinois:

That a notice, of which the annexed is a true copy, has been regularly published, in said newspaper one time each day/week for _3_ successive days/weeks/times.

That the first of such publications was on the _7th_ day of _March_ 20 _05_, and the last publication was on the _20th_ day of _March_ 20 _05_.

That the COMMERCIAL-NEWS has been regularly published for at least six (6) months prior to the first publication of said notice: that the face of the type in which such publication was made is the same as the body type used in the classified advertising in the newspaper in which such publication was made.

That _Carol L Nichols_ has been duly appointed as agent of said company and authorized to certify all certificates of publication required to be made on account of publications made in the COMMERCIAL-NEWS, and that such appointment is still in full force and effect.

IN WITNESS WHEREOF, the said COMMUNITY NEWSPAPER HOLDING INC., DBA THE COMMERCIAL-NEWS, PUBLISHER, aforesaid, has caused its corporate name to be hereinto affixed, and this certificate executed by _Carol L Nichols_ its authorized Agent, on this _10th_ day of _March_ , A.D. 20 _05_.

Printer's Fee $ _931.90_

COMMUNITY NEWSPAPER HOLDING INC.,
D.B.A. COMMERCIAL-NEWS

Date Paid _____ 20 ___ .    By: _Carol L Nichols_
                                    *Authorized Agent*

Public Notices

912 3/7, 3/14, 3/21, 3/28
UNITED STATES DIS-
TRICT COURT
CENTRAL DISTRICT OF
ILLINOIS
URBANA DIVISION
UNITED STATES OF
AMERICA
        Plaintiff
vs.
STATE OF MARY S.
BENNETT, EDWIN E.
MAXWELL, JR., DAVID A.
BENNETT, JR., UN-
KNOWN OWNERS, IN-
CLUDING UNKNOWN
HEIRS AND LEGATEES
OF MARY S. BENNETT,
DECEASED, AND
NON-RECORD CLAIM-
ANTS,
        Defendants;
Case No. 04-2105
NOTICE OF MARSHAL'S
SALE
PUBLIC NOTICE is hereby
given that pursuant to a
judgment of foreclosure en-
tered by the court in the
above-entitled cause, the
property hereinafter de-
scribed or so much thereof
as shall be sufficient to sat-
isfy said judgment, will be
sold to the highest bidder.
The name, address and
telephone number of the
person to contact for infor-
mation regarding the real
estate is
Susan L Petrea
Rural Development Manag-
er
USDA Service Center
110 W. Park Court,
Suite B
Champaign, IL 61821

Telephone No:
217-352-3536, Ext. 4
The common address
and other common descrip-
tion, if any, of the real es-
tate
18 Timberidge, Oakwood,
Illinois 61858
The legal description of
the real estate is:
Lot 18 in Oakwood Estates
First Addition to the Village
of Oakwood according to
the Plat thereof recorded
December 10, 1976 in
Book 911 page 248 as
Document Number
265340, situated in Vermil-
ion County Illinois
The real estate may be
inspected prior to sale at
the following times:
available for inspection
during business hours
upon reasonable advance
notice to the country office
listed above.)
The time and place of
a sale are:
9:00 A.M. April 5, 2005,
inside the main entrance of
the Vermilion County
Courthouse, Danville, Illi-
nois.
The terms of the sale
are:
10% of purchase price pay-
able at time and place of
sale by certified check.
Balance to be paid by certi-
fied check received by the
United States Marshal, 100
N.E. Monroe, Room 264,
Peoria, Illinois 61602, with-
in thirty (30) days of date of
said sale. If the balance is
not received within said
time period, the 10% pay-
ment made at time of sale
shall be forfeited to the
United States, the sale
shall be void and a new
sale shall be scheduled by
the Court.
Title will be conveyed
subject to all general real
estate taxes for the years
2004 and thereafter to be
paid by buyer(s), which are
a lien upon the real estate,
and special assessments, if
any and easements and re-
strictions of record.
Buyer(s) shall also be re-
sponsible for payment of
the real estate transfer tax
(35 ILCS 200-31-45).
Upon receipt of the en-
tire purchase price amount,
Certificate of Sale shall
be forwarded to the Mar-
shal for execution describ-
ing the lands and tene-
ments purchased and the
sum paid therefor to be ten-
dered to the purchaser.
Upon confirmation of said
sale by the Court, the hold-